**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**ANTHONY PANNELL,**

**Plaintiff,**

**vs.**

**EAST ST. LOUIS HOUSING AUTHORITY**

**Defendant.**

**Case No. 26-cv-1528-DWD**

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Presently before the Court is Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2), Motion for Recruitment of Counsel (Doc. 3), and Emergency Motion for Temporary Restraining Order (Doc. 6). For the reasons set forth below, the Court finds that the complaint fails to state a claim upon which relief can be granted and dismisses the complaint without prejudice and with leave to amend. The Motions for counsel and for a restraining order are **DENIED** and the Court **DEFERS** ruling on the Motion for Leave to Proceed *in Forma Pauperis*.

## I. LEGAL STANDARD

A federal court may allow a civil case to proceed without prepayment of fees, if an IFP applicant demonstrates that he is indigent under 28 U.S.C. § 1915(a)(1). *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (District courts "have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless fee status. The district

court may screen the complaint prior to service on the defendants and must dismiss the complaint if it fails to state a claim.”).

Two issues must be resolved before *in forma pauperis* status can be granted. First, the plaintiff must show that he is indigent by submitting an affidavit that “includes a statement of all assets [he] possess [showing] that [he] is unable to pay such fees or give security therefor”; and second, plaintiff's complaint must not be clearly frivolous or malicious, must state a claim on which relief may be granted, and may not seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Upon review of Plaintiff's financial affidavit, the Court is satisfied that Plaintiff is indigent. However, the second prong, requires additional analysis. To proceed *in forma pauperis*, Plaintiff's complaint must state a claim on which relief may be granted. An action states a claim upon which relief can be granted if it does not plead “sufficient factual matter ... to state a claim to relief that is plausible on its face.” *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). “A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” *Id.* (citing *Twombly*, 550 U.S. at 556). When considering the claims in a *pro se* complaint, the factual allegations must be liberally construed in favor of the plaintiff. *Rodriguez v. Plymouth Amb. Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## II. DISCUSSION

Plaintiff, proceeding *pro se*, utilized the Court’s civil rights complaint form for non-prisoners and invoked jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) and/or 42

U.S.C. § 1983. He left blank the portion of the form for any additional bases of subject-matter jurisdiction.

His statement of claim alleges that in August 2025 he was illegally arrested in front of his children for criminal trespassing by East St. Louis Public Housing Authority's security. He states that he had not received prior notification of a "ban" to himself or his children's mother, that the incident traumatized his children and caused mental distress to the household, and that the arrest was in retaliation for complaints made against harassing neighbors and failed maintenance complaints. He names only the ESL Public Housing Authority as Defendant.

On October 9, 2026, Plaintiff filed a Motion for Emergency Restraining Order. (Doc. 6). He alleges that he and his children's mother went to the housing authority to make a complaint and to obtain proof that he was on a ban list after being threatened with arrest that morning while the children were getting ready for school. He states that both were denied the chance to make a complaint, that they were never served with a ban notice or given an opportunity to challenge it, that the mother has not been charged rent in months, that the children have been traumatized, and that he has a 2025 state-court orders granting him majority parental custody. He further alleges that the issues began after complaints were made about harassing neighbors and poor maintenance at the housing complex.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States by a person acting under color of state law. *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir.

2004). Municipal entities such as a public housing authority may be sued under § 1983, but liability requires that the constitutional violation was caused by an official policy, custom, or decision of a final policymaker; there is no respondeat superior liability. *Monell v. Department of Social Services*, 436 U.S. 658, 690–94 (1978); *see also Chaney v. Chicago Housing Authority*, No. 24-1303, 2024 WL 4751208 (7th Cir. Nov. 12, 2024) (affirming dismissal where plaintiff failed to allege a policy or custom causing the deprivation).

Even construing the Complaint liberally, it fails to state a claim. The factual allegations are sparse and conclusory. Plaintiff labels the arrest "illegal" and attributes it to retaliation, but he provides no non-conclusory facts establishing the absence of probable cause, the content or timing of any ban, who imposed it, or whether he is a tenant or household member with a protected property interest. *See Swanson*, 614 F.3d at 403–04. He names only the entity and alleges no policy, custom, or practice of the East St. Louis Housing Authority that was the moving force behind any alleged constitutional violation. A single incident, without more, does not suffice to plead *Monell* liability. *Chaney*, 2024 WL 4751208. Liberally read, the allegations suggest possible Fourth Amendment false-arrest, Fourteenth Amendment procedural-due-process, or First Amendment retaliation theories, but they are not sufficient to "present a story that holds together," or to give the defendant fair notice of a plausible claim. *Swanson*, 614 F.3d at 404.

## III. EMERGENCY MOTION

Plaintiff's Motion for Emergency Restraining Order is **DENIED**. A temporary restraining order may issue without notice only upon specific facts in an affidavit or

verified complaint clearly showing that immediate and irreparable injury will result before the adverse party can be heard, together with certification of notice efforts or the reasons notice should not be required. Fed. R. Civ. P. 65(b)(1). The same substantive standards govern temporary restraining orders and preliminary injunctions. To obtain such relief, a movant must establish a reasonable likelihood of success on the merits, no adequate remedy at law, and irreparable harm if relief is denied. *Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dep't of Health*, 699 F.3d 962, 972 (7th Cir. 2012).

Plaintiff has not shown a likelihood of success on the merits because the Complaint fails to state a claim. In addition, the motion for emergency relief does not demonstrate that any irreparable harm cannot await resolution of a properly pleaded claim or ordinary procedures. The motion is therefore **DENIED**.

## IV. MOTION FOR RECRUITMENT OF COUNSEL

The Court **DENIES** Plaintiff's Motion for Recruitment of Counsel (Doc. 3). There is no constitutional or statutory right to counsel in civil litigation. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). When considering a request for appointed counsel, the Court evaluates (1) whether the indigent plaintiff has made a reasonable effort to obtain counsel or has been effectively precluded from doing so, and (2) whether, given the difficulty of the case, the plaintiff appears competent to litigate it himself. *Pruitt*, 503 F.3d at 654–55.

Plaintiff states that he is a high school graduate and that he needs a lawyer because he lacks legal knowledge. He further states that he contacted the Land of Lincoln and hat other attorneys "just deny" taking his case. He does not identify the other organizations

or attorneys, does not state how many he contacted, and does not attach any rejection letters or other documentation of his efforts.

Plaintiff has not provided sufficient information for the Court to determine whether he has satisfied the threshold requirement of making a reasonable effort to secure counsel. Further, even assuming the first prong were satisfied, the second prong is not. Lack of legal training or knowledge, standing alone, does not establish that a plaintiff is incompetent to litigate on his own. Virtually every *pro se* litigant lacks formal legal training. Plaintiff is a high school graduate and has offered no other reason why he cannot present the relatively straightforward factual allegations required at this early stage. At present, the case is at the screening stage and has been dismissed with leave to amend. The deficiencies identified are basic pleading defects that a high-school-educated layperson can address by supplying additional facts. The Court therefore finds that, given the nature of the case and its early stage, Plaintiff appears competent to litigate it himself.

Plaintiff may renew the request later if the case proceeds beyond the pleading stage and if the difficulty of the litigation changes relative to his abilities. Finally, should Plaintiff renew his request for counsel, he must provide a list of the attorneys, organizations, and/or law firms he has contacted, together with any responses received, and he must specifically explain why he is unable to litigate this matter on his own.

## V. CONCLUSION

The Complaint is **DISMISSED** without prejudice for failure to state a claim. The Court **GRANTS** Plaintiff leave to file an Amended Complaint on or before **December 10,**

**2026.** Failure to timely amend will result in dismissal of this case for failure to prosecute and/or failure to comply with an order of the Court.

The Court **RESERVES RULING** on Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2), and **DENIES** Plaintiff's Motion for Recruitment of Counsel (Doc. 3) and Motion for Emergency Temporary Restraining Order (Doc. 6).

**SO ORDERED.**

Dated: November 10, 2026

Judge Dugan

Digitally signed by Judge Dugan
Date: 2026.11.10 22:17:28 -06'00'

DAVID W. DUGAN
United States District Judge